# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>NANCY R. EWING and<br>DANIEL J. EWING,<br><br>　　　　　　　　　Debtors<br>_____<br><br>TD BANKNORTH, N.A.,<br><br>　　　　　　　　　Plaintiff<br><br>v.<br><br>NANCY R. EWING and<br>DANIEL J. EWING,<br><br>　　　　　　　　　Defendants | Chapter 7<br>Case No. 03-18490-RS<br><br><br><br><br><br>Adversary Proceeding<br>No. 05-1562 |

**MEMORANDUM OF DECISION AND ORDER ON**
**MOTION OF PLAINTIFF FOR SUMMARY JUDGMENT**

　　　By its complaint in this adversary proceeding, the Plaintiff, TD BankNorth, N.A. ("BankNorth"), seeks a determination that a debt owed by the debtors, Nancy R. Ewing and Daniel J. Ewing ("the Debtors"), to BankNorth under certain postpetition guarantees is excepted from discharge. The debt is excepted from discharge, BankNorth contends, both because it did not arise before entry of the order for relief, 11 U.S.C. § 727(b) (limiting discharge to, in part, "all debts that arose before the date of the order for relief") and, in the alternative, because the Debtors neither listed nor scheduled the debt in time to permit timely filing of a proof of claim and timely filing of a complaint to determine the dischargeability of the debt, 11 U.S.C. § 523(a)(3). The adversary proceeding is before the Court on BankNorth's motion for summary judgment. The Debtors have filed no opposition to the motion, but the Court is nonetheless obligated to determine whether cause for summary judgment has been established.

A party is entitled to summary judgment only upon a showing that there is no genuine issue of material fact and that, on the uncontroverted facts, the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Where, as here, the burden of proof at trial would fall on the party seeking summary judgment, that party must support its motion with evidence—in the form of affidavits, admissions, depositions, answers to interrogatories, and the like—as to each essential element of its cause of action. The evidence must be such as would permit the movant at trial to withstand a motion for directed verdict under FED. R. CIV. P. 50(a). *Anderson v Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). If the motion is properly supported, the burden shifts to the adverse party to submit evidence demonstrating the existence of a genuine issue as to at least one material fact. If the adverse party does not so respond, "summary judgment, if appropriate, shall be entered against the adverse party." FED. R. CIV. P. 56(e); *Jaroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989).

**FACTS**

The following facts, and no others relevant to the counts at issue, are established and uncontroverted.[1]

On May 6, 2003, the Debtors personally guaranteed a secured business loan given by BankNorth to New Bridge Auto Body, Inc. ("New Bridge") in the amount of $35,000. On October 9, 2003, the Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code, thereby commencing the present bankruptcy case. The Court takes judicial notice of the following facts: in the Debtors' chapter 7 case, (a) the trustee filed a report of no distribution,

---

[1]The established facts consist entirely of Debtors' admissions in their answer of facts alleged in the complaint and, where noted, matters of record of which the Court takes judicial notice.

and consequently no deadline for filing proofs of claim was ever set; (b) the Debtors were issued a discharge on January 20, 2004; (c) no reaffirmation agreement was filed as to any debt to BankNorth; and (d) the case was closed on February 4, 2004.

In or around June 2004, New Bridge and the Debtors defaulted on their payment obligations under the promissory note and guarantees. BankNorth instituted collection proceedings and then entered into a forbearance agreement with New Bridge and the Debtors. Under the forbearance agreement, Bank North agreed to refrain from further collection action and extended a new three-year repayment plan to New Bridge; in exchange, on September 15, 2004, New Bridge gave BankNorth a new promissory note in the amount of $31,633, and the Debtors executed new guarantees.

In or around December 2004, New Bridge and the Defendants defaulted on the new promissory note and new guarantees. BankNorth then commenced a civil action against New Bridge and the Debtors in state court and, in that action, obtained judgment against them on May 17, 2005. An execution issued on July 6, 2005, for recovery against the Debtors in the total amount of $41,141.99.

The Court takes judicial notice of the following: On July 25, 2005, the Debtors moved in the Bankruptcy Court to reopen their chapter 7 case to list BankNorth and another creditor, both of whom, the Debtors contend, they inadvertently omitted from the schedules they filed in the case. The Court allowed the motion and reopened the case (a) to permit the Debtors to amend their schedules by adding the omitted creditors and (b) to afford the added creditors an opportunity to file a complaint to determine the dischargeability of the newly-scheduled debt. The Court added: "This order shall not be construed as a ruling on the dischargeability of the unscheduled debt. See *In re Thibodeau*, 136 B.R.7 (Bankr.D.Mass.1992)"; and, at the end of the

3

paragraph establishing a deadline for the newly-added creditors to file a complaint to determine the dischargeability of their debts, "This paragraph should not be construed to override or modify the filing deadlines set forth in FED. R. BANKR. P. 4007(c)."

**DISCUSSION**

    a. **When did the Debt Arise?**

In seeking a determination that its debt is not subject to discharge, BankNorth advances two distinct grounds. The first is that the debt—here BankNorth refers to the Debtors' obligation under the forbearance agreement and the new guarantee given thereunder, to which the Debtors bound themselves only after the bankruptcy case was commenced—does not fall within the scope of the discharge at all because it arose after entry of the order for relief. This argument is based on § 727(b) of the Bankruptcy Code, which, in relevant part, provides that, subject to the exceptions set forth in § 523(a), a discharge in a case under chapter 7 discharges the debtor "from all debts that arose before the date of the order for relief under this chapter."[2] 11 U.S.C. § 727(b).

The Court agrees with the BankNorth that the obligation in question arose after entry of the order for relief. The Debtors entered into the forbearance agreement and signed the new guarantees on September 15, 2004, more than eleven months after they commenced their bankruptcy case. The obligation therefore arose after entry of the order for relief.

BankNorth, however, is not home free. A large part of the consideration for the forbearance agreement and the attendant guarantee was consideration that was given in

---

    [2]In a voluntary case such as this one, the order for relief is deemed to enter upon the commencement of the case. 11 U.S.C. § 301 ("The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter.").

4

conjunction with the original guarantee: BankNorth advanced no new monies (or at least no evidence of a new advance has been adduced), and both involved an agreement to repay the principal and interest loaned under the original loan agreement. To be sure, new consideration was added to the mix in the form of forbearance on the part of BankNorth. Nonetheless, the consideration for the new agreement was comprised in large part of the consideration for the old.

In the language of bankruptcy law, the forbearance agreement (including the attendant guarantee) was a form of "reaffirmation agreement." Such agreements, though they arise postpetition, are not enforceable unless statutorily-prescribed procedures are followed with respect to those agreements. 11 U.S.C. § 524(c). As this Court recently explained:

> although debts arising postpetition are, as a general rule, not subject to a chapter 7 discharge, section 524(c) makes clear that debts arising under certain postpetition agreements are nonetheless not enforceable, and therefore are subject to the discharge, unless specified procedures are followed with respect to those agreements. This is true of any "agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title," 11 U.S.C. § 524(c), so-called "reaffirmation agreements."[3]

*In re Creighton,* 2007 WL 541622 (Bankr.D.Mass. 2007). Insofar as the consideration for the forbearance agreement and the attendant guarantee was consideration that was given in conjunction with the original guarantee, the forbearance agreement was subject to § 524(c) and its procedural requirements. At least two of those requirements were not followed here: the requirement that the agreement be entered before the granting of the discharge; and the requirement that the agreement be filed with the court. 11 U.S.C. § 524(c)(1) and (3).

---

[3]The term "reaffirmation agreement" is not defined by the Bankruptcy Code and does not appear in subsection 524(c). It refers to agreements to which that subsection, by its own terms, pertains: any "agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title."

5

Accordingly, by operation of § 524(c), the forbearance agreement and the guarantee given thereunder are unenforceable. Accordingly, BankNorth is not entitled to judgment as a matter of law on its theory that the debt is enforceable as a postpetition obligation, and summary judgment must be denied as to this theory.

### b. **Dischargeability under § 523(a)(3)**

In the alternative, BankNorth also seeks summary judgment on its second theory: that its debt is excepted from discharge by 11 U.S.C. § 523(a)(3). Subsection 523(a)(3) is an exception from discharge for certain debts that were not timely scheduled. Section 523(a)(3) provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
>
> (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
>
> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request[.]

11 U.S.C. § 523(a)(3). Paragraph (A), which pertains to debts not listed in time to permit timely filing of a proof of claim, does not come into play in a no-asset Chapter 7 case, such as this one, that was closed without a bar date for filing of claims ever having been set; in such cases, the time for filing proofs of claim has not lapsed. *In re Thibodeau*, 136 B.R. 7, 9 (Bankr.D.Mass. 1992). Accordingly the Court need only address the requirements of paragraph (B).

Under paragraph (B), a debt of a kind specified in § 523(a)(2), (4), or (6)

> is excepted from discharge if it was neither listed nor scheduled in time to permit *both* timely filing of a proof of claim *and* timely request for a determination of the debt's dischargeability. A debt listed in time to permit one but not the other is excepted from discharge; conversely, to qualify for discharge, the debt must be listed in time to permit both.

*In re Thibodeau*, 136 B.R. at 9. The requirement of proof that the debt was not scheduled in time to permit timely filing of a proof of claim is identical to the requirement contained in paragraph (A) and, for the same reason as cited above, cannot be satisfied in this case. Therefore, in order to prevail under § 523(a)(3)(B), BankNorth must establish these two elements: first, that the debt was neither listed nor scheduled with the name of the creditor, "if known to the debtor,"[4] in time to permit timely filing of a complaint to determine the dischargeability of a debt under § 523(a)(2), (4), or (6); and second, that its debt is of a kind specified in § 523(a)(2), (4), or (6). As an affirmative defense, the Debtors can demonstrate that despite the untimely listing, the creditor had notice or actual knowledge of the case in time for such timely filing and request. 11 U.S.C. § 523(a)(3)(B).

The Court must deny the motion for summary judgment on the § 523(a)(3) count because BankNorth has submitted no evidence to show that its debt is of a kind specified in § 523(a)(2), (4), or (6).[5] Nor has BankNorth submitted evidence that its debt was not timely listed: BankNorth made an allegation to this effect in the complaint, but the Debtors denied the

---

[4] The quoted language appears in the statute, but in such a way that the relevance of, and burden of proof as to, the debtor's knowledge (or lack thereof) of the name of the creditor are unclear. The Court need not address that issue to resolve the present motion.

[5] In fact, in its complaint, BankNorth neither alleges that its debt is of a kind specified in § 523(a)(2), (4), or (6) nor makes the necessary allegations in support of a cause of action under § 523(a)(2)(A). (In its motion for summary judgment, BankNorth contends that its debt is of a kind specified in § 523(a)(2)(A).) Insofar as BankNorth is relying on § 523(a)(2)(A), which is in the nature of fraud, the allegations of that cause of action must be pled with particularity. BankNorth will be ordered to amend its complaint to plead the facts on which it relies to establish that its debt is of a kind specified in § 523(a)(2)(A).

allegation, and no supplemental evidence has been submitted on the issue. As the party bearing the burden of proof at trial, BankNorth can prevail on summary judgment only if it supports its motion with evidence as to each essential element of its cause of action. Therefore, the motion for summary judgment fails on the count under § 523(a)(3).

**ORDER**

1. For the reasons set forth above, the Motion of BankNorth for Summary Judgment is hereby DENIED.

2. On or before April 20, 2007, BankNorth shall amend its complaint to set forth with particularity the facts constituting its basis for contending that its debt of a kind specified in § 523(a)(2)(A).

3. The Court will schedule this matter for trial.

Date: March 29, 2007        _____
                            Robert Somma
                            United States Bankruptcy Judge

cc: Peter G. Shaheen, Esq., for TD BankNorth, N.A.
    Timothy Mauser, Esq., for Debtors